Kimberly ROBERTS *v.* Richard WESTOVER,
Michelle Lisi

06-436                                                    245 S.W.3d 119

Supreme Court of Arkansas
Opinion delivered December 14, 2006

*Dodds, Kidd & Ryan*, by: *Stephanie Chamberlin*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn* and *Traci LaCerra*, for appellees.

Tom Glaze, Justice. On June 10, 2003, Kimberly Roberts gave birth to Alison Blake Roberts (who is known as "Abi"). In December of 2003, Kimberly's family discovered that she was abusing alcohol and drugs, specifically methamphetamine. Her family knew she was breast-feeding Abi at the time, so they became very concerned about the baby's safety. As a result, Kimberly's brother, Richard Westover, his wife, Michelle Lisi, and Kimberly's identical twin sister, Alison Blake Smith Johnston, staged an "intervention" at Richard and Michelle's New York home. There they confronted Kimberly about her substance abuse problem. They told Kimberly that she needed to seek rehabilitation treatment for her substance problems, and they would be willing to keep Abi safe during the time that she received treatment. Kimberly admitted to her drug problem, but refused her family's offer.

Later, her twin sister, Alison, saw Kimberly smoking methamphetamine while holding Abi in her arms. Alison subsequently petitioned the Pulaski County Circuit Court for guardianship of Abi, and the circuit court immediately granted Alison temporary guardianship; several months later, Alison was awarded permanent guardianship. After Alison received custody of Abi, she attested that she became fearful of Kimberly. Alison stated that Kimberly attempted to impersonate her at local day cares so that she could take Abi away. In January 2004, in order to keep Abi safe, Alison testified that, when Abi was six months old, she began living with Richard and Michelle in New York. According to Alison, Kimberly, who had an outstanding criminal charge, fled the State of Arkansas and also moved to New York. Alison, the guardian, was the only person who remained in Arkansas.

In September 2004, Kimberly's mother filed for the guardianship of Abi in New York. The New York court granted the guardianship petition but, soon thereafter, vacated its order and declined jurisdiction over the guardianship because of the guardianship order already entered in Arkansas.

In June 2005, Richard and Michelle came to Arkansas for the purpose of filing a petition to adopt Abi in Pulaski County Circuit Court. Alison, who was still the guardian, consented to the adoption. Kimberly, however, fought the adoption petition, claiming, among other things, that the Pulaski County Circuit Court did not have jurisdiction to consider the adoption. Kimberly, thereafter, filed two motions to dismiss the petition for adoption, again claiming that the Pulaski County Circuit Court

was without jurisdiction of the adoption. The circuit court denied the motions to dismiss, finding in part:

> [Alison] is the identical twin of the biological mother, Kimberly Roberts. [Alison], the guardian, is a resident of Pulaski County, Arkansas. The child, Abi, was born on June 10, 2003, in Little Rock, Arkansas to Kimberly Roberts. Ms. Roberts was seriously addicted to drugs and alcohol and had criminal charges pending at the time of the entry of the guardianship order. She had shaved off all her body hair to avoid a hair follicle test ordered by this Court. The guardian was gravely concerned for Abi's safety as the biological mother had attempted to impersonate [Alison] and was attempting to take Abi from the jurisdiction of this Court.
>
> [Alison] placed her 10-month-old niece physically with Richard Westover, a brother of [Alison and Kimberly]. Mr. Westover and his wife reside in New York. They are the prospective parents in this adoption proceeding and are the uncle and aunt of Abi.
>
> The child, Abi Roberts, was born in Arkansas. The guardianship is here in Arkansas. The guardian is a resident of Arkansas. Although the biological mother twice attempted to have a New York court name her mother as guardian of Abi, the New York courts declined jurisdiction due to Arkansas guardianship.
>
> This court, therefore, finds that as the guardian resided in Arkansas and the child was born in Arkansas, the child is a resident of the State of Arkansas. Many children "reside" in a locale different from their guardian or parents. Certainly, boarding schools and colleges are two such examples. [Kimberly's] Motion to Dismiss Petition for Adoption is denied.

Thereafter, the circuit court granted the petition for adoption, reasoning that the adoption was in the best interest of the child. The circuit court concluded with the following:

> The natural mother, Kimberly Roberts, has a long history of drug and alcohol abuse beginning when she was 15 years old; she has had numerous felony convictions; she has been in and out of rehabilitation centers; she suffers from mental illness; and she has failed to significantly support or visit the child in excess of one (1) year. Petitioners have had custody of the child for a period exceeding six months. A home study reflects a safe, stable and appropriate home for the minor child.

From this order, Kimberly timely appealed to our court of appeals, which certified this case to our court, stating that this appeal presents an issue of first impression and requires us to interpret an act of the General Assembly. Specifically, the court of appeals stated in its certification that it is uncertain what to do with Kimberly's first point on appeal, which questions whether Arkansas has jurisdiction of this adoption under our statutory law. We hold that Arkansas lacks jurisdiction to consider the petition for adoption, and, thus, we must dismiss the appeal.

In support of her argument that Arkansas lacks jurisdiction of this case, Kimberly argues that, under Ark. Code Ann. § 9-9-205, no Arkansas court has jurisdiction because neither the adoptive parents nor the child to be adopted reside in this State. Section 9-9-205 is decidedly controlling. That section provides in relevant part the following:

(a) Jurisdiction of adoption of minors:

(1) The state shall possess jurisdiction over the adoption of a minor if the person seeking to adopt the child, or the child, is a resident of this state.

(2) For purposes of this subchapter:

. . . .

(B) A child over the age of six (6) months shall be considered a resident of this state if the child:

(i) Has resided in this state for a period of six (6) months;

(ii) Currently resides in Arkansas; and

(iii) Is present in this state at the time the petition for adoption is filed and heard by a court having appropriate jurisdiction; and

(C) A person seeking to adopt is a resident of this state if the person:

(i) Occupies a dwelling within the state;

(ii) Has a present intent to remain within the state for a period of time; *and*

(iii) Manifests the genuineness of that intent by establishing an ongoing physical presence within the state together with indications that the person's presence within the state is something other than merely transitory in nature.

(3)(A) If the juvenile is the subject matter of an open case filed under the Arkansas Juvenile Code of 1989, § 9-27-301 *et seq.*, the adoption petition shall be filed in that case.

(B) The circuit court shall retain jurisdiction to issue orders of adoption, interlocutory or final, when a juvenile is placed outside the State of Arkansas.

Ark. Code Ann. § 9-9-205 (Repl. 2002 & Supp. 2005) (emphasis added).

Under the plain language of this statute, two instances give the circuit court jurisdiction of the adoption petition: (1) if the child is a resident of Arkansas or (2) if the person seeking to adopt the child is a resident of this state. It is undisputed that Richard and Michelle are *not* residents of Arkansas; instead, they are permanent residents of New York. Thus, the only question remaining is whether the child, Abi, is a resident of Arkansas. The circuit court concluded that Abi was a resident of this State simply because her guardian, Alison, was a resident of Arkansas; however, that finding is contrary to both the plain language of the statute and ancillary law.

Section 9-9-205 clearly indicates that, in order for a child over six (6) months in age to be considered a resident of this state, the child must (1) have resided in this state for a period of six (6) months; (2) currently reside in Arkansas; *and* (3) be present in this state at the time the petition for adoption is filed and heard by a court having appropriate jurisdiction. *Id.* § 9-9-205(a)(2)(B). While we have yet to interpret the specific provisions of this statute, the *Restatement (Second) of Conflict of Laws* § 22(h) (1971) instructs in relevant part: "The ward does not take the guardian's domicil by operation of law. If the ward lived with the guardian in the state of appointment, he takes the domicil of the guardian. If he does not live with the guardian he does not take the latter's domicil."[1]

█  While Abi had lived in Arkansas for the first six months of her life, the two other mandatory requirements of § 9-9-

---

[1] We note that in adoption cases our court has recognized a distinction between domicile and residency. *See In re Adoption of Samant*, 333 Ark. 471, 970 S.W.2d 249 (1998). However, because the concept of domicile (actual residence plus the intent to remain

205(a)(2)(B) were not satisfied in this case. Specifically, Abi was not currently residing in Arkansas, and she was not present here at the time the petition for adoption was filed. *See* Ark. Code Ann. § 9-9-205(a)(2)(B)(ii) & (iii). In accordance with § 22(h) of the *Restatement (Second) of Conflict of Laws*, Abi does not, by operation of law, have Alison's domicile simply because Alison is her guardian and resides in Arkansas. In sum, the only residency requirement that Abi satisfied was that she previously resided here the first six (6) months of her life, but that sole factor does not establish residency under the statute. Thus, the circuit court's ruling that Abi was a resident of this state was erroneous.

Accordingly, under the plain language of § 9-9-205, the circuit court erred in determining that it had jurisdiction of this adoption petition. Thus, the order granting the petition for adoption was void ab initio. However, the Arkansas guardianship order appointing Alison as Abi's guardian has not been set aside, and it is available so that the parties can assure Abi's protection. If Richard and Michelle still wish to adopt Abi, they should refile their petition for adoption in a court with proper jurisdiction.

Reversed and dismissed.

DICKEY, J., not participating.

---

in a particular place) necessarily encompasses the concept of residency (physical presence in a location), then it must logically follow that the principles pertaining to domicile set forth in § 22(h) of the *Restatement (Second) of Conflict of Laws* also apply to residency.